STATE on the relation of W. R. COX, Solicitor *v.* NICHOLAS PEEBLES, Guardian, and others.

Confederate money taken in good faith, should be received at its scaled value, in all fiduciary transactions: *Therefore,* a Guardian who paid the taxes due from his Ward's estate, with his own Confederate money, can only receive credit for the value thereof according to the Legislative scale.

Good faith requires that any profit which arises from a transaction of the Guardian in the management of the Ward's estate, must be for the benefit of the Ward, and not of the Guardian.

CIVIL ACTION, (on a guardian bond and for the removal of a guardian,) tried before *Albertson, J.,* at the Fall Term, 1873, of the Superior Court of NORTHAMPTON county.

During the pendency of the suit it was referred to a commissioner to state an account between the guardian and his ward, who at Fall Term, 1873, reported the stated account.

The guardian, one of the defendants, and the other defendants, sureties on his guardian bond, filed exceptions to the report of the referee or commissioner, for the reason, that he had credited in the account, the scaled value of certain moneys paid by the guardian in 1862 '63 and '64 for his ward, instead of allowing the whole amounts of such several payments.

His Honor overruled the defendants' exceptions, confirmed the report of the referee, and gave judgment for the amount stated to be due. From this judgment defendants appealed to this Court.

*Barnes,* for appellants.
*Busbee & Busbee,* contra.

SETTLE, J. Should a guardian who paid the taxes on the estate of his ward during the war, out of his (the guardian's) own Confederate money, be allowed in a settlement with his ward the full amount of such payments, or should they be

scaled to the value of the Confederate money so paid? Had the guardian received in good faith Confederate money for his ward before it became so depreciated as to amount to notice that it would not be received, he would have been liable only for the value of the Confederate money at the time of its receipt. With this principle another goes hand in hand, to-wit; that where the guardian used his own Confederate money in the payment of debts against his ward, he should be allowed only the value of such money. To hold otherwise would violate the fundamental principle that a guardian shall not be allowed to speculate upon the estate of his ward.

Good faith requires that any profit which flows from a transaction of the guardian, in respect to the ward's estate, must be for the benefit of the ward, and not for the guardian.

The spirit of our decision is, that Confederate money taken in good faith should be received at its scaled value in all fiduciary transactions, and indeed in all transactions except where the parties dealt directly with each other and at arms' length; as for instance, where a debtor tenders and a creditor receives Confederate money in payment of a debt, each dealing *suo jure.* In such case we have held that the payment amounts to a discharge of the debt.

The judgment of the Superior Court is affirmed.

PER CURIAM.                    Judgment affirmed.